IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT J. MCDEARMON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-0042-MHS-GGB |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-3175-MHS-GGB |

## **FINAL REPORT AND RECOMMENDATION**

Robert J. McDearmon, an inmate at the Federal Correctional Institution in Beaumont, Texas, has sent a document to this Court that the Clerk has filed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the above-referenced criminal case. [Doc. 28]. It is before me for review.[1]

Mr. McDearmon refers to the document as a "Motion to Amend & Expand the Record, with Notice of Appeal/Amend Motion to Vacate Sentencing Under 28 U.S.C.S. § 2255; Alternative Petition for Relief Under 28 U.S.C.S. § 2241;

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings.

Alternative Petition for Writ of Coram Nobis; Alternative Petition for Writ of Audita Querela." [*Id.*]. In the document, Mr. McDearmon appears to contend that the federal court has somehow overreached its authority in convicting him. [Doc. 28 at 3]. I find that the motion should be dismissed for the following two reasons.

First, it does not appear that Mr. McDearmon intended to file any kind of motion or action in this Court. The heading on the document indicates that it was intended to be filed in the United States District Court for the Central District of California. Thus, the motion should be dismissed.

Second, even if Mr. McDearmon intended to file a § 2255 motion or a habeas corpus petition, it is not properly filed in this Court. On June 19, 2008, this Court entered an Order in this criminal case transferring jurisdiction to the Central District of California for disposition of Mr. McDearmon's federal criminal proceedings. [Doc. 27]. Thus, any § 2255 motion[2] would be properly brought in the sentencing

---

[2]Mr. McDearmon has already filed a § 2255 motion in his criminal case in the Central District of California, and it was denied as untimely on August 28, 2013. *See United States v. McDearmon*, CR 08-304-R, CR 08-547-R, CR 08-599-R (C. D. Cal. Aug. 28, 2013) at Doc. 34. He filed a notice of appeal on September 19, 2013. *Id.* at Docs. 35 and 36.

court.[3]  *See* 28 U.S.C. § 2255(a).  Furthermore, to the extent that Mr. McDearmon seeks to file a habeas corpus petition under 28 U.S.C. § 2241, this Court does not have jurisdiction to consider such a petition, because Mr. McDearmon is not incarcerated in this district.  *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *see also Howard v. U.S. Bureau Of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (holding that district court within which federal prisoner was incarcerated had jurisdiction over § 2241 petition that challenged execution of sentence based on events that took place in another state and district).

Based on the foregoing, **I RECOMMEND** that Mr. McDearmon's § 2255 motion [Doc. 28] be **DENIED**.

Because Mr. McDearmon has failed to make a substantial showing of the denial of a constitutional right, **I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

---

[3] Mr. McDearmon also appears to seek relief by way of a writ of audita querela or a writ of coram nobis.  However, because he is in custody and able to seek relief under § 2255, the writs of audita querela and coram nobis are unavailable.  *See United States v. Chavarry*, 376 F. App'x 928, 929 (11th Cir. 2010).

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this  23rd   day of October, 2013.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)